UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GARRY WILLIAMS,

                Plaintiff,

      –against–

MICHAEL CHERTOFF, Secretary,
Department of Homeland Security,

                Defendant.
-------------------------------------------------------X

**MEMORANDUM & ORDER**

06-CV-3847 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

*Pro se* Plaintiff Garry Williams ("Plaintiff" or "Williams"), a former employee of the U.S. Department of Homeland Security ("DHS"), brings this employment discrimination action against Defendant Michael Chertoff ("Defendant"), the Secretary of DHS, pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq*. For the reasons that follow, the court grants Defendant's motion for summary judgment and dismisses Plaintiff's complaint for failure to timely commence this action.

**I.    Background**

Plaintiff worked as a transportation security screener at John F. Kennedy International Airport from September 2002 through June 15, 2004, when his employment was terminated. (Defendant's Local Civil Rule 56.1 Statement in Support of Motion for Summary Judgment ("Def. 56.1") ¶ 1.) Plaintiff filed a formal Equal Opportunity ("EEO") complaint with DHS, in which Plaintiff complained <u>inter alia</u> that he had been discriminated against on the basis of his race and/or color on an earlier occasion when his manager pushed him. (<u>Id.</u>) In the EEO

1

complaint, Plaintiff also stated that his June 2004 termination was the result of discrimination on the basis of his race and/or color. (Id.)

DHS informed Plaintiff by letter dated January 6, 2006 that it had reached a final decision to deny his EEO claims because it found no evidence of discrimination. (Id. ¶ 2.) An attachment to that letter notified Plaintiff of his right to appeal DHS's decision in federal court. (Id.) The attachment, however, inconsistently instructed Plaintiff in one paragraph that he had ninety days from receipt of the letter to file an appeal in federal court, which is correct, and, in another paragraph, that he had thirty days to appeal in federal court, which is incorrect.[1] (Id.) The letter was sent by certified mail to Plaintiff at his last known address (id. ¶ 3), and according to the electronic certified mail receipt, Plaintiff received the letter on January 31, 2006 (id.).

**II.    Standard of Review**

When deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and must draw all permissible inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court will only accept as fact for purposes of a motion for summary judgment those facts included in the parties' Local Civil Rule 56.1 statements of material fact and supported by citations to the record. Local Civil Rule 56.1. Any numbered paragraph in Defendants' statement of material facts will be deemed to be admitted for purposes of Defendants' motion unless specifically controverted by a correspondingly numbered paragraph in Robert's statement. Id.

---

[1] As discussed below, however, this inconsistency is of no moment, as Plaintiff failed to commence this action until 176 days after receiving the final agency determination. (Def. 56.1 ¶ 3.) That said, the court does hope that DHS will take the opportunity, if it has not already, to update the form attachment's inconsistencies so as properly to guide potential plaintiffs in the future.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(c), *i.e.*, "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001). "A fact is 'material' for these purposes if it might affect the outcome of the suit under the governing law. An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party has the burden of establishing the absence of a genuine issue of material fact. Liberty Lobby, 477 U.S. at 256. If the moving party meets its burden, the non-moving party must then "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). In reviewing the Complaint, the court is mindful that Plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). *Pro se* litigants are entitled to some degree of leniency with respect to compliance with the formal aspects of litigation, especially in the instant case. See Skeete v. IVF, Inc., 972 F. Supp. 206, 208 (S.D.N.Y. 1997) (noting that a court should give *pro se* litigants "special latitude" in responding to a motion to dismiss a Title VII complaint as untimely).

**III.   Discussion**

To bring an action under Title VII, a federal employee is required to comply with the timing requirements in 42 U.S.C. § 2000e-16(c) and in various Equal Employment Opportunity

3

Commission ("EEOC") regulations. See 29 C.F.R. § 1614; Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 94 (1990) (42 U.S.C. § 2000e-16(c) is a "condition to the waiver of sovereign immunity and thus must be strictly construed"); Briones v. Runyon, 101 F.3d 287, 289-90 (2d Cir. 1996) (failure to timely file a Title VII action precludes "plaintiff from pursuing discrimination claim in federal court").

42 U.S.C. § 2000e-16(c) is clear that a plaintiff must commence a discrimination claim "[w]ithin 90 days of receipt of notice of final action taken by . . . a[n] . . . agency . . ." See also 29 C.F.R. 1614.407(a) ("An 'aggrieved person' who has filed a claim authorized under Title VII has ninety days from the date of the receipt of the final decision to commence a suit). The ninety-day clock begins when the plaintiff receives the right to sue letter. Casamento v. New York Stock Exch., Inc., 1995 WL 373494 (S.D.N.Y June 22, 1995); Streeter v. Joint Indus. Bd. of Elec. Indus., 767 F.Supp. 520, 527 (S.D.N.Y.1991). The Supreme Court held in Irwin, 498 U.S. at 94, that the failure to commence an action within ninety days of the receipt of a right-to-sue letter generally precludes an action in federal court. The EEOC timing requirements "are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1994). This rule has been strictly construed by the courts in this circuit. See, e.g., Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000) (citations and internal quotation marks omitted) (holding that "[e]xhaustion of administrative remedies through the EEOC stands as an essential element of Title VII's statutory scheme, and one with which defendants are entitled to insist that plaintiffs comply."); Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir.1984) (holding that, "[i]n the absence of a recognized equitable consideration, the court cannot extend the limitations period by even

one day") (quoting Rice v. New England College, 676 F.2d 9, 11 (1st Cir. 1982)).

Here, Defendant moves for summary judgment, arguing that Plaintiff's Complaint is untimely under the EEOC regulations and Title VII. The DHS letter notifying Plaintiff of its final decision is dated January 6, 2006. (Def. 56.1 ¶ 2.) According to the electronic certified mail receipt, Plaintiff received the letter on January 31, 2006 at his last-known address of 91-47 88 Rd., Apt. 1DA, Queens, NY 11432. (Id. ¶ 3.) Thus, Defendant argues, Plaintiff was required to file this action by, at the latest, May 2, 2006. (Defendant's Memorandum of Law in Support of Defendant's Motion for Summary Judgment at 5.) As Plaintiff filed his Complaint on August 4, 2006, 176 days after receiving the final agency decision (Def. 56.1 ¶ 4), and because Plaintiff had only ninety days from receipt of the DHS letter to file his action in federal district court, see 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.407(c), Defendant argues that his action in federal court is precluded, see Irwin, 498 U.S. at 94.

In response, Plaintiff has submitted a letter that he "never received [the final agency determination] as defendant claims." (Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl. Opp.").) This response is not sworn under oath and is quite conclusory in nature. In it, he explains:

> I contacted the DHS office of civil rights in May of 2006 to inquire about my case; a Miss Williams told me that "they had mailed the decision in January of 2006 to my address at 587 Amsterdam AVE in New York City[.]" . . . This is the address they had on file since May of 2005. I informed [M]iss Williams that I did not receive the certified mail. At this time she said would [sic] mail the decision to my address at the time, which was 1134 President ST in Brooklyn NY 11225. On May 30, 2006 I received a copy of the decision that was mailed in January of 2006 . . ."

(Id.) Plaintiff further states that he "responded to this court on 8/4/06," within ninety days of

receiving the final agency determination letter.  (Id.)

Discrimination actions brought even a few days after the expiration of the ninety-day period should generally be dismissed.  See, e.g., Nelson v. Ashcroft, 2003 WL 22004884 at *2 (S.D.N.Y. Aug. 22, 2003) (dismissing complaint filed ninety-two days after right-to-sue letter); Crawford-Mulley v. Corning Inc., 77 F. Supp.2d 366, 368 (W.D.N.Y. 1999) (dismissing complaint filed ninety-five days after receipt of right to sue letter); Tsai v. Helfer, 940 F. Supp. 597, 602 (S.D.N.Y. 1996) (dismissing complaint filed ninety-eight days after presumed receipt of EEO decision).  The ninety-day period, however, is not jurisdictional but rather is a statute of limitations and thus subject to equitable tolling.  E.g., Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984) ( "The Supreme Court . . . has evinced a policy of treating Title VII time limits not as jurisdictional predicates, but as limitations periods subject to equitable tolling.").  The Second Circuit Court of Appeals has similarly held that Title VII's time limitations are not jurisdictional prerequisites but are limitations periods subject to equitable tolling.  Colon v. Potter, 51 Fed. Appx. 43, 45, 2002 WL 31558049, at *2 (2d Cir. Nov. 19, 2002); Arroyo v. Westlb Admin., Inc., No. 99-7942, 213 F.3d 625 (table), 2000 WL 562425, at *1 (2d Cir. May 9, 2000) ( "[T]he issue is not jurisdictional in nature. Accordingly, like a statute of limitations, the issue is subject to waiver, estoppel, and equitable tolling, and [a party's] failure to raise it before the District Court constitutes a waiver.") (citations and quotation marks omitted).  That said, equitable tolling, while permissible, should only be exercised in rare and exceptional circumstances where a party is prevented in "some extraordinary way" from exercising his rights.  Haghpassand v. Reuters Am., No. 04-2463, 120 Fed. Appx. 859, 862, 2005 WL 195092 at *2 (2d Cir. Jan. 28, 2005); see also, e.g., Gibson v. New York City Police Dep't,

No. 98-7947, 201 F.3d 431 (table), 1999 WL 1070102 at *1 (2d Cir. Nov. 18, 1999) (holding that "equitable relief is extended sparingly.").

Thus, the only question before this court is whether equitable relief from the statutory time limitations of Title VII is appropriate here and, as a result, whether the court should accept Plaintiff's untimely federal complaint. Given Plaintiff's conclusory and unsupported allegations that the final agency determination was sent to a prior address and that, thus, he did not receive it until after the limitations period ran, the court declines to invoke such a drastic measure.

To begin with, it is Plaintiff's burden to demonstrate the appropriateness of equitable tolling, since courts are "less forgiving in receiving late filings where the claimant failed to exercise due diligence in pursuing his legal rights." Avillan v. Potter, 01 Civ. 1648, 2002 WL 252479, at *3 (S.D.N.Y. Feb. 21, 2002); Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002) (holding that "the burden of proving that tolling is appropriate rests on the plaintiff.").

Here, Plaintiff fails to meet this burden for two reasons, one procedural and one substantive. The procedural problem is that his claim of non-receipt is unsubstantiated. See, e.g., Loftin v. N.Y.S. Dep't Of Mental Health, 02 Civ. 4532, 2003 WL 221767 at *1-2 (S.D.N.Y. Jan. 31, 2003) (dismissing plaintiff's Title VII claim pursuant to Rule 12(b)(6) as untimely despite assertion he never received right to sue letter, when plaintiff offered no explanation for non-receipt and complaint demonstrated knowledge of the EEOC's dismissal), aff'd, No. 03-7231, 80 Fed. Appx. 717, 718 (2d Cir. Nov. 17, 2003). In Loftin, the court found that the plaintiff's undated, handwritten note attached to the complaint did not prove that he never received the right-to-sue letter. Similarly, the evidence put forward by Plaintiff here is

unsubstantiated and inadmissible at trial. Similarly, in Everson v. N.Y. City Transit Auth., 216 F.Supp.2d 71 (E.D.N.Y. 2002), the plaintiff claimed that he never received a right-to-sue letter. In that case, the court held that his claims were untimely because plaintiff failed to offer any admissible evidence as to why he never received the right-to-sue letter.

At the summary judgment stage, where, as here, the nonmovant bears the burden of proof at trial, "(1) the movant may point to evidence that negates its opponent's claims or (2) the movant may identify those portions of its opponent's evidence that demonstrate the absence of a genuine issue of material fact, a tactic that requires identifying evidentiary insufficiency and not simply denying the opponent's pleadings." Salahuddin v. Goord, 467 F.3d 263, 272-73 (2d Cir. 2006) (citations omitted). If the movant makes either showing, "the burden shifts to the nonmovant to point to record evidence creating a genuine issue of material fact," id. at 273 (citing Fed. R. Civ. P. 56(e)), and the nonmovant "cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry its burden on summary judgment," id. (citations omitted).

While *pro se* submissions must be construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (*pro se* pleadings held "to less stringent standards than formal pleadings drafted by lawyers"), a *pro se* litigant must nevertheless abide by these evidentiary requirements in order to withstand summary judgment, which means he "must offer some hard evidence showing that [his] version of the events is not wholly fanciful." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005). Finally, the evidence offered in opposition to summary judgment must be admissible in the event that a trial occurs. See Woodman v. WWOR-TV, Inc., 411 F.3d 69, 90 (2d Cir. 2005) (affirming the district court's award of summary judgment in

8

favor of defendants "[b]ecause plaintiff failed to adduce admissible evidence raising a triable issue of fact").

In this case, Williams is, in essence, arguing that the statute of limitations should be equitably tolled because he received the final agency determination letter late, on May 30, 2006, fewer than ninety days before he filed the Complaint in federal court. Plaintiff's submission in response to Defendant's motion for summary judgment is comprised only of a two-paragraph argument that is not a sworn affidavit made under penalty of perjury. Nor does Plaintiff offer any substantiation, such as an affidavit or other proof, to support the proposition that he did not receive the letter. Whereas Defendant has put forth admissible evidence that Plaintiff did receive the letter, including sworn affidavits and a copy of the electronic certified mail receipt, Plaintiff has offered only a conclusory statement that, as far as the court is concerned, may or may not be true. He has failed his burden under the summary judgment standards and under Local Civil Rule 56.1.

Secondly, and perhaps more importantly, Plaintiff's argument fails on the merits. The crux of his argument is that he did not receive the final agency determination because DHS mailed the letter to a former address of his that "they had on file since May of 2005."[2] (Pl. Opp.) It is uncontroverted that the final agency determination was sent to a valid address for Plaintiff

---

[2] Plaintiff states, in his unsworn opposition, that the individual at DHS he identifies as "Miss Williams" informed him that DHS sent the letter to his old address at 587 Amsterdam Avenue. This is inconsistent with Defendant's 56.1 statement that the letter was sent via certified mail to Williams, located at 91-47 88 Rd., Apt 1DA, Queens, NY 11432. (Def. 56.1 ¶ 3.) Defendant has also submitted a copy of the electronic certified mail receipt, which also clearly shows that the letter was mailed to the address on 88 Road in Queens. The court rejects Plaintiff's assertion that any letter was sent to 587 Amsterdam Avenue, as this contention is wholly unsupported by any admissible evidence, but will assume *arguendo* that the letter was sent to an address that Plaintiff had formerly lived at, rather than his present address at the time.

9

that was on file with DHS at the time the letter was sent out: 91-48 88 Rd., Apt 1DA in Queens, New York. (See Def. 56.1 ¶ 3; Declaration of Junish Arora, annexed to Def. 56.1 as Exh. 1). However, Plaintiff, by his own unsupported statement, indicates that, at some point after having made his EEO complaint and before having received the final agency determination, he moved to a new address: 1134 President Street in Brooklyn, New York. (Pl. Opp.) Plaintiff states that he told an individual named Miss Williams that he had not received the certified mail and asked her to send it to his new address, 1134 President Street, which he says DHS did. (Id.) Even were Plaintiff to provide sworn and admissible evidence to support this rendition of the facts, the court would still grant summary judgment for Defendants on the timeliness issue.

The law is clear that, in a Title VII case, the complainant bears the burden of notifying the EEOC of any change in address. In fact, that has been the rule since 1977. See 42 Fed. Reg. 47,833 (Sept. 22, 1977); 29 C.F.R. § 1601.7(b) (1981); see also St. Louis v. Alverno College, 744 F.2d 1314, 1316 (7th Cir. 1984) (noting that "[t]he regulation makes mandatory that which was dictated already by common sense. The regulation provides that a person who has filed a Title VII charge 'has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge.' ") Many courts examining this issue have explained that the burden of providing the EEOC with changes of address is minimal. As the Seventh Circuit wrote in St. Loius:

> It is unreasonable to expect the EEOC to pore over its files, and
> those of state administrative agencies, in an effort to ascertain
> which of the addresses contained therein is correct. We would then
> undoubtedly hear cases in which the EEOC had made a good-faith
> effort to find a claimant's current address but had guessed wrong

> and sent the notice to the wrong place. The claimant is obviously in
> a far better position to ensure that the Commission has current,
> accurate information and to provide that information in much less
> time than it would take an EEOC employee to go through the
> claimant's file. Other courts facing this issue have arrived at the
> same conclusion.

Id. at 1316-17 (citing Lewis v. Connors Steel Co., 673 F.2d 1240, 1243 (11th Cir.1982) (per curiam); Fields v. Hoerner Waldorf Corp., 33 FEP Cases 1471, 1472 (N.D.Ala.1980); Epstein v. Armstrong Cork Co., 21 FEP Cases 161 (D. Mass.1979). Cf. Harper v. Burgess, 701 F.2d 29, 30 (4th Cir.1983); Pole v. Citibank, N.A., 556 F. Supp. 822, 823 (S.D.N.Y.1983).

If a plaintiff does not receive a right-to-sue letter due to his or her failure to inform the EEOC of a change in address and thereafter files an untimely civil complaint, the complaint must be dismissed. Banks v. Metro-North Commuter Railroad, No. 97-Civ.-1601 (JGK) (NRB), 1998 WL 312237, at *3 (S.D.N.Y. June 12, 1998); Felton v. New York Post, No. 90-Civ.-2254 (LBS), 1990 WL 113176, at *2 (S.D.N.Y. Aug.2, 1990), aff'd, 930 F.2d 908 (2d Cir. 1991) (decision without reported opinion) (granting defendant's motion for summary judgment where plaintiff moved out of the country, failed to inform EEOC of change in address and filed an untimely complaint upon his return to the United States); Nelmilda v. Shelly Eurocars, Inc., 112 F.3d 380 (9th Cir. 1996) (affirming grant of motion for summary judgment where plaintiff filed a civil suit 110 days after the EEOC mailed the right-to-sue letter and plaintiff failed to inform the EEOC of a change of address).

Thus, Plaintiff has not shown that he is entitled to avail himself of the doctrine of equitable tolling under Title VII's timeliness requirements, and, accordingly, there is no triable issue of fact regarding whether Plaintiff's Complaint is timely.

### III. Conclusion

For the reasons set forth above, Plaintiff's Complaint is dismissed for failure to timely commence this action. The Clerk of Court is directed to close the case and serve a copy of this Memorandum and Order upon the *pro se* Plaintiff.

SO ORDERED.

Dated: May 8, 2008  /s Nicholas G. Garaufis
     Brooklyn, N.Y.  NICHOLAS G. GARAUFIS
                                                                               United States District Judge